IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ELISA MAY MITTELSTAED, et al., | CV 22-58-BLG-SPW-TJC |
| Plaintiffs, | |
| vs. | **FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |
| STATE OF MONTANA CHILD AND FAMILY SERVICES DIVISION, et al., | |
| Defendants. | |

Plaintiff Elisa May Mittelstaed ("Plaintiff"), a self-represented litigant, brings this action on behalf of herself and her minor children MJP, RSP, and CMS against the State of Montana, Montana Department of Public Health and Human Services, Montana Department of Child and Family Services, Ashlee Walker, Jason Larson, Debran Anderson, and Brittney Anderson (collectively "State Defendants") and Rimrock Foundation and Erin Awes (collectively "Rimrock Defendants"). Plaintiff alleges Defendants improperly and unreasonably seized her children, compelled her to submit to drug testing and treatment, and improperly disclosed her confidential health information.

Presently before the Court are the State Defendants' Motion to Dismiss (Doc. 47), and the Rimrock Defendants' Motion to Dismiss (Doc. 49). The

motions are fully briefed and ripe for the Court's review.  (Docs. 53, 58, 57, 60.)
For the following reasons, the Court recommends the State Defendants' motion be
**GRANTED in part and DENIED in part**, and the Rimrock Defendants' motion
be **GRANTED**.

## I.    BACKGROUND

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a
court must accept all material allegations in the complaint as true.  *Usher v. City of
L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  The allegations in Plaintiff's Second
Amended Complaint provide a long, meandering account of the removal of her
children by the Child and Family Services Division (CFSD) in late 2018.  Rather
than summarizing all of Plaintiff's factual assertions, the Court will highlight the
essential allegations that are relevant to the pending motions.

Plaintiff's children were removed from her home on November 7, 2018 by
CFSD social worker Debran Anderson, after Plaintiff tested positive for
methamphetamine.  Plaintiff alleges that she immediately questioned the test result
because she did not use methamphetamine.

On December 24, 2018, Plaintiff completed a chemical dependency
evaluation at Rimrock.  Erin Awes conducted Plaintiff's evaluation, and found she
was not drug dependent.  Plaintiff alleges that on February 28, 2019, Erin Awes
improperly changed the chemical dependency evaluation to state Plaintiff had a

mild risk of drug dependency, and recommended that Plaintiff be required to attend intensive outpatient treatment.  Plaintiff further contends Rimrock breached her confidentiality by releasing the evaluation to Ashlee Walker without authorization on February 28, 2019.

On May 9, 2019, the dependency and neglect proceeding involving Plaintiff's children was dismissed, and Plaintiff's children were returned to her care.

Plaintiff alleges she was unaware of the allegations made against her in connection with the proceedings until 2020, when she received the affidavit of Debran Anderson, detailing the reasons for the removal of her children.  She indicates she also received a report from the Office of the Child and Family Ombudsman in September 2021, which provided additional information regarding removal of her children that had previously been concealed.  Plaintiff further states that she has yet to obtain copies of her case file from CFSD, despite multiple requests for the information.

Plaintiff filed this action on June 13, 2022.  (Doc. 2.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief can be granted.  "Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal

theory or (2) fails to allege sufficient facts to support a cognizable legal theory."
*Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint.  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).  "[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Such assertions do nothing more than state a legal conclusion, even if the conclusion is cast in the form of a factual allegation. *Id.*

## III.    DISCUSSION

### A.    State Defendants' Motion to Dismiss

Plaintiff asserts eight claims against the State Defendants. Count One is a § 1983 claim against Debran Anderson. Count Two is a § 1983 claim against Debran Anderson, Ashlee Walker and Brittney Anderson. Counts Three through Six are causes of action under state law, including negligence and intentional infliction of emotion distress claims against Debran Anderson, Ashlee Walker and Brittney Anderson. Counts Seven and Eight allege gross negligence and violation of her right to privacy, as well as violations of various state and federal statutes, including the Health Insurance Portability and Accountability Act ("HIPAA").

5

The State Defendants move to dismiss with prejudice Counts One, Two, Five, Six, and to the extent they are based on HIPAA or § 1983, Counts Seven and Eight.  The State Defendants also move to dismiss the Second Amended Complaint in its entirety on the basis of Rule 8(a).

       1.   <u>Whether Counts One, Two, Five and Six are Time-Barred</u>

The State Defendants first move to dismiss Counts One, Two, Five and Six, with prejudice, on grounds that the claims are time-barred.  Plaintiff counters that her claims are not barred because she is entitled to equitable tolling.

A statute of limitations defense may be raised in a motion to dismiss where the running of the statute is apparent from the face of the complaint.  *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013).  But "[a] motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'"  *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995).  This is a high bar.  As the Ninth Circuit has explained, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  *Id.* at 1207.  Generally, the applicability of the equitable tolling doctrine depends on matters outside the pleadings, so it is rarely "amenable to resolution on a Rule 12(b)(6) motion."  *Id.* at 1206.

With regard to Plaintiff's claims in Counts One and Two, "all § 1983 suits must be brought within a State's statute of limitations for personal-injury actions." *Nance v. Ward*, 597 U.S. 159, 174 (2022).  Under Montana law, the statute of limitations for personal injury actions is three years.  Mont. Code Ann. § 27-2-204(1); *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).  "Federal law determines when a cause of action accrues and when the statute of limitations begins to run for a § 1983 claim." *Belanus*, 796 F.3d at 1025.  A federal claim accrues when the plaintiff knows or has reason to know of the injury that is basis of the claim. *Id.*

Here, Plaintiff alleges that her children were removed from her care by Debran Anderson on November 7, 2018, following a drug test that was positive for methamphetamine.  (Doc. 44 at ¶¶ 30, 41.)  This was the event that gave rise to Plaintiff's § 1983 claim in Count One.  Moreover, the conduct giving rise to Plaintiff's § 1983 claim in Count Two was completed by May 9, 2019, when Plaintiff's children were returned to her care.  Plaintiff's original Complaint was lodged on June 13, 2022, over three years after the latest date that Plaintiff's § 1983 claims accrued.  As such, it appears the claims in Counts One and Two are time-barred.

The state law negligence claims in Counts Five and Six likewise appear time-barred.  Under Montana law, a negligence claim is also subject to the same

7

three-year statute of limitations.  Mont. Code Ann. § 27-2-204(1); *Nelson v. Nelson*, 50 P.3d 139, 142 (Mont. 2002).  The statute of limitations begins to run when all elements of the cause of action are in existence, and the facts constituting the claim have been discovered or in the exercise of due diligence, should have been discovered.  Mont. Code Ann. § 27-2-102.

Count Five alleges Debran Anderson breached a duty by failing to perform an assessment prior to removing Plaintiff's children on November 7, 2018.  (Doc. 44 at ¶¶ 41, 264.)  Count Six alleges Debran Anderson breached a duty by forcing Plaintiff to undergo drug testing as a condition for visitation.  (*Id.* at ¶ 270.)  The Second Amended Complaint acknowledges that Ashley Walker took over the case in January 2019, and Debran Anderson was no longer with the department or involved with Plaintiff's case past that point.  (*Id.* at ¶¶ 31, 109.)  Accordingly, the events giving rise to Plaintiff's claims against Debran Anderson in Counts Five and Six occurred over three years before Plaintiff's original Complaint was lodged.

Plaintiff argues, however, that equitable tolling applies because she was not aware of the grounds for her claims against the State Defendants until she received the report from the Office of the Child and Family Ombudsman on September 30, 2021.  Plaintiff contends the report provided her with information that, until that date, the State Defendants had concealed from her.

Unless inconsistent with federal law, federal courts apply the forum state's
tolling doctrines to determine whether a statute of limitations has run.  *Jones v.
Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  Montana allows equitable tolling
"where a plaintiff is substantially prejudiced by a defendant's concealment of a
claim, despite the exercise of diligence by the plaintiff."  *Schoof v. Nesbit*, 316
P.3d 831, 841 (Mont. 2014).  This is not inconsistent with federal law, which "[a]s
a general matter," applies equitable tolling "if, despite all due diligence, a plaintiff
is unable to obtain vital information bearing on the existence of his claim."
*Isagawa v. Homestreet Bank*, 769 F. Supp. 2d 1225, 1234 (D. Haw. 2011).

Plaintiff's narrative of events in the Second Amended Complaint indicates
that she may have been aware of grounds for her claims before September 2021.
For example, Plaintiff alleges her children were removed on November 7, 2018,
and that she knew the reason for their removal.  (Doc. 44 at ¶ 41.)  Plaintiff further
alleges that Debran Anderson presented her with a "Safety Plan," which stated the
reason for the plan was that Plaintiff "was under the influence of drugs while
caring for her children."  (*Id.* at ¶ 40.)  Plaintiff also specifically alleges she
"immediately" contested the allegation of drug use at the time the children were
removed, and again on November 26, 2018, when she described speaking to
Debran Anderson and being upset that she was being referred to as "a drug user or
addict when these allegations were untrue."  (*Id.* at ¶¶ 30, 71.)

9

Nevertheless, the Second Amended Complaint also alleges CFSD "still has yet to release the Plaintiff's case file, despite multiple request to the department asking for it to be released they refuse to do so." (Doc. 44 at ¶ 196.)  Plaintiff also contends she did not receive the affidavit of Debran Anderson, detailing the reasons for removal, until 2020, and "had no knowledge of what the document alleged" before that time. (*Id.* at ¶ 91.)  Plaintiff alleges she "was unaware throughout the entirety of the case what was documented within Ms. Anderson's Affidavit . . . This information and any documents containing said information was intentionally concealed and kept from the Plaintiff." (*Id.* at ¶ 51.)  Thus, Plaintiff's pleading suggests that she was not able to determine the factual basis of her claims, despite her efforts, due to the State Defendants alleged concealment of her file.

Liberally construing the Second Amended Complaint in Plaintiff's favor, the Court cannot find with certainty that the allegations foreclose the possibility that equitable tolling may apply.  It is thus possible, even if unlikely, "that, with the application of equitable tolling principles, [Plaintiff] could prove a 'set of facts in support of [her] claim that would entitle [her] to relief." *Schoof*, 316 P.3d at 841.

Accordingly, the Court recommends that the State Defendants motion to dismiss Counts One, Two, Five and Six as time-barred be denied.

/ / /

/ / /

2.    <u>Prosecutorial Immunity</u>

Alternatively, the State Defendants argue Counts One and Five should be dismissed with prejudice against social workers Debran Anderson, Britney Anderson, and Ashlee Walker on the basis of prosecutorial immunity.  In support, the State Defendants rely on prosecutorial immunity provided in § 1983 actions. (Doc. 48 at 14-15.)

"[S]ocial workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings." *Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1987).  But social workers "are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury, because such actions aren't similar to discretionary decisions about whether to prosecute." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008).  Social workers also have no immunity for their investigatory conduct, the same way prosecutors and others investigating criminal matters have no such immunity. *Id.*

In this case, the Second Amended Complaint includes allegations that the social workers either made false statements to the court or engaged in deceitful conduct during their investigations.  For example, Plaintiff alleges Debran

11

Anderson made false statements in connection with the dependency petition, including that she "fabricated physical neglect allegations," (Doc. 44 at ¶ 221), that she falsely stated Plaintiff agreed to a voluntary protection plan (*id.* at ¶¶ 40-41, 222), and that she misrepresented the reason why a visit did not take place in November 2018 (*id.* at ¶¶ 50-51).  Plaintiff further states "[t]he 'facts' set out in the petition are false, despite having been verified by Debran Anderson under penalty of perjury; and she knew at the time she verified the petition the statements contained therein were false, either directly or indirectly or by omission of critical known exculpatory facts."  (*Id.* at ¶ 92; *see also* ¶¶ 218, 224-25.)

As to Ashlee Walker, Plaintiff alleges she provided false information to Erin Awes at Rimrock Foundation with the intent to have Plaintiff's medical evaluation falsified.  Plaintiff states that Ashlee Walker falsely represented that Plaintiff purposefully removed a drug patch and failed a drug test on January 4, 2019.  (*Id.* at ¶¶ 184, 186.)  Plaintiff further alleges that even after being confronted, "Ashlee Walker on May 9th while aware that her claims were deceitful and fraudulent stated them to the court anyway."  (*Id.* at ¶ 191.)

With regard to Brittney Anderson, Plaintiff alleges she "made attempts to cover up, acquiesced, aided, assisted, and abetted Defendant Ashlee Walker in her efforts to violate Plaintiff's Rights."  (*Id.* at ¶ 12, 127.)

12

Accepting Plaintiff's allegations regarding the social workers' conduct as true, as the Court must at this stage of the proceedings, the Court cannot find that Debran Anderson, Britney Anderson, and Ashlee Walker are entitled to absolute immunity.  Accordingly, the State Defendants' motion to dismiss Counts One and Five based on prosecutorial immunity should be denied.

        3.    <u>Eleventh Amendment</u>

The State Defendants argue that the State, its subdivisions, and its officials acting in their official capacities, are not subject to federal court jurisdiction under the Eleventh Amendment.  Accordingly, they argue any claims against the entity defendants, and against Debran Anderson, Ashlee Walker, Jason Larson, and Brittney Anderson in their official capacities, must be dismissed with prejudice.

The Eleventh Amendment states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The United States Supreme Court has interpreted the Eleventh Amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  Consequently, the Eleventh Amendment bars "suits which seek either damages or injunctive relief against a state, an arm of the state, its

13

instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (internal quotation marks omitted).  The State of Montana has waived immunity only for tort claims brought in state court.  Mont. Code Ann. § 2-9-101 et seq.  Thus, the State of Montana and its agencies have Eleventh Amendment immunity from suit in federal court.

In addition, states and state agencies are not "persons" subject to suit for money damages under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989) ("A State is not a person within the meaning of § 1983."); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies...are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute.").

In her Second Amended Complaint, Plaintiff specifically alleges that Defendants State of Montana, the Montana Department of Public Health and Human Services, and Montana Department of Child and Family Services Defendants are entities of the State of Montana.  Accordingly, Plaintiff's claims against those entities are barred by the Eleventh Amendment.  Those entities are also not amendable to suit under § 1983.

The Eleventh Amendment also bars claims for monetary damages against state officials acting in their official capacities.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984); *Flint v. Dennison*, 488 F.3d 816,

824-25 (9th Cir. 2007).  Accordingly, to the extent Plaintiff's claims are brought against Defendants Debran Anderson, Ashlee Walker, Jason Larson, and Brittney Anderson in their official capacities, the claims should be dismissed with prejudice.

        4.    <u>Counts Six and Seven Fail to the Extent the Claims are Based on HIPPA</u>

The State Defendants contend that to the extent Plaintiff is asserting claims under HIPAA in Counts Seven and Eight, the claims must be dismissed on grounds that HIPAA does not create a private right of action, and HIPAA cannot form the basis of a §1983 claim.

In Counts Six and Seven of her Second Amended Complaint, Plaintiff alleges gross negligence and violation of her right to privacy, as well as violations of various state and federal laws, including HIPPA.  To the extent Plaintiff attempts to assert a claim based on a violation of HIPPA, it is subject to dismissal.

The Ninth Circuit has recognized that "HIPAA itself provides no private right of action." *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007).  *See also U.S. v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009) ("HIPAA does not provide any private right of action[.]").  Other circuits have explicitly stated that HIPAA is not enforceable through § 1983.  *See e.g. Sneed v. Pan Am Hosp.*, 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action or rights that are enforceable through § 1983");

A*dams v. Eureka Fire Prot. Dist.*, 352 Fed. Appx. 137, 139 (8th Cir. 2009) ("Since

HIPAA does not create a private right, it cannot be privately enforced either via §

1983 or through an implied right of action"). *See also Kittel v. City of Oxnard*,

2019 WL 1578369, *3 (C.D. Cal. Feb. 5, 2019) (finding HIPAA cannot be

enforced through § 1983)*; Austin v. Atlina*, 2021 WL 6200679, *2 (N.D. Cal. Dec.

22, 2021) (same).

Accordingly, Plaintiff's claims in Counts Seven and Eight should be

dismissed with prejudice to the extent they are based on HIPAA.

### 5.   Short and Plain Statement Under Rule 8

Finally, the State Defendants argue Plaintiff's Second Amended Complaint

should be dismissed in its entirety on grounds that it violates Rule 8(a)'s

requirement that a complaint must contain a "short and plain statement of the

claim" showing that Plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a).

Plaintiff's Second Amended Complaint is 95 pages long, and includes a

voluminous 57-page narrative of "Background" facts.  (Doc. 44 at 6-62.)  It is

verbose, argumentative, and appears to contain many irrelevant assertions,

references to individuals who are not parties to the case, and immaterial details.

Rule 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and
> plain statement of the grounds for the court's jurisdiction, unless the
> court already has jurisdiction and the claim needs no new
> jurisdictional support; (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8(d)(1) provides:

Each allegation must be simple, concise, and direct.

Fed. R. Civ. P. (8)(a), (d)(1).

Courts may dismiss complaints that fail to comply with Rule 8.  *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint under Rule 8 that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and consisted "largely of immaterial background information"); *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (stating that Rule 8(a) can be violated when a pleading says too little, but also "when a pleading says *too much*" ); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity.  Our cases instruct otherwise."); *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

Yet, "a dismissal for a violation of Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its

true substance, if any, is well disguised.'" *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).  In *Hearns*, the Ninth Circuit noted that "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)."  *Id.* at 1131.  There, the court determined that a 68-page complaint should not have been dismissed for violating Rule 8(a), where, although it contained "excessive detail," it was "intelligible and clearly delineate[d] the claims and the Defendants against whom the claims are made."  *Id.* at 1132.

Here, although Plaintiff's Second Amended Complaint is not "simple, concise, and direct," *McHenry*, 84 F.3d at 1177, it is coherent.  Like the complaint in *Hearn*, the Second Amended Complaint is logically divided into sections, includes a description of the parties, a chronological (albeit excessive) factual background, an enumeration of legal claims, each of which lists the liable Defendant(s) and legal basis therefore, and a prayer for relief.  *See Hearn*, 530 F.3d at 1132.  As such, the Court finds that although Plaintiff's Second Amended Complaint is plainly verbose, it is not so confused, ambiguous, or otherwise unintelligible that it does not provide Defendants "a fair opportunity to frame a responsive pleading [or] give the court a clear statement of claims."  *McHenry*, 84 F.3d at 1174.  *See also Garst*, 328 F.3d at 378 ("Some complaints are windy but understandable.  Surplusage can and should be ignored.").

18

Accordingly, the Court finds the State Defendants motion to dismiss the Second Amended Complaint for violation of Rule 8(a) should be denied.

**B.     Rimrock Defendants' Motion to Dismiss**

Plaintiff asserts one count, Count Nine, against Rimrock and Erin Awes. Plaintiff alleges the Rimrock Defendants breached various duties owed to Plaintiff, which caused her to undergo unnecessary drug treatment and suffer harassment. Plaintiff also appears to allege the Rimrock Defendants violated Montana's Uniform Health Care Information Act, HIPAA, and 42 C.F.R. Part 2, for allegedly releasing her chemical dependency evaluation without proper authorization. The Rimrock Defendants move to dismiss Count Nine with prejudice on grounds that it is time-barred and/or there is not private right of action under the statutory claims asserted.

### 1.     Count Nine is Time is Time-Barred

As noted above, in some circumstances a statute of limitations defense may be raised in a motion to dismiss. *Seven Arts Filmed Entm't Ltd.*, 733 F.3d at 1254. Here, Plaintiff's claims in Count Nine sound in negligence. (Doc. 44 at ¶¶ 330, 332, 333.) Indeed, Plaintiff acknowledged in her response that Count Nine is a negligence claim. (*See* Doc. 57 at 2, 8.)

Negligence is subject to a three-year statute of limitations, and begins to run when all the elements of the cause of action are in existence, and the facts

19

constituting the claim have been discovered or in the exercise of due diligence, should have been discovered.  Mont. Code Ann. §§ 27-2-204(a); 27-2-102; *Nelson*, 50 P.3d at 142.

In her Second Amended Complaint, Plaintiff identifies February 28, 2019 as the date that Erin Awes amended her chemical dependency evaluation and disclosed it to Ashlee Walker.  (Doc. 44 at ¶¶ 329, 330.)  Plaintiff alleges she suffered damages in the form of an "inaccurate diagnosis of drug dependency," which resulted in Plaintiff being forced to participate in unnecessary treatment.  (*Id.* at ¶¶ 330, 332.)  Plaintiff also alleges she suffered harassment, threats, and intimidation as a result of the unauthorized disclosure of her chemical dependency evaluation.  (*Id.* at ¶ 332.)  Thus, Plaintiff's negligence claim against the Rimrock Defendants accrued on February 28, 2019, and the statute of limitations expired on February 28, 2022, over three months before Plaintiff brought this action.

Even assuming Plaintiff did not learn about the amended chemical dependency evaluation on February 28, 2019, Plaintiff alleges that she was forced to pay for and attend unnecessary treatment as a result of the amended evaluation during the pendency of the dependency and neglect proceeding.  (*Id.* at ¶ 188-89.)  Therefore, Plaintiff's alleged damages accrued at the latest sometime before May 9, 2019, which was date the case was dismissed and Plaintiff's children were returned to her care.  Plaintiff confirms as much in her opposition brief when she

acknowledged that she learned of the amended evaluation during the pendency of the case, and she decided not to take action to address the issue "until her case was dismissed."  (Doc. 57 at 3.)

As a result, the statute of limitations on Plaintiff's negligence claim expired on May 9, 2022, at the latest.  Plaintiff's original Complaint was lodged on June 13, 2022.  Accordingly, Plaintiff's negligence claim is untimely.

To the extent Plaintiff's claim in Count Nine is based on an alleged violation of Montana's Uniform Health Care Information Act, Mont. Code Ann. § 50-16-501, it is also time barred.  The Montana Uniform Health Care Information Act provides a three year statute of limitations.  Mont. Code Ann. § 50-16-553(8) ("An action under this part is barred unless the action is commenced within 3 years after the cause of action accrues.").  As discussed above, Plaintiff's claim against the Rimrock Defendants accrued no later than May 9, 2019.  Thus, the statute of limitations had expired before Plaintiff's original Complaint was filed.

Further, unlike her claims against the State Defendants, Plaintiff does not allege that she was unaware of the grounds for her claim against the Rimrock Defendants, or that there was any concealment on the part of Rimrock.  Because there are no allegations suggesting the potential applicability of equitable tolling, the Court finds Plaintiff has not demonstrated any possibility of tolling.  As such, her claim against the Rimrock Defendants is time-barred.

21

Count Nine should, therefore, be dismissed with prejudice.

      2.    <u>No Private Right of Action Under Statutory Claims</u>

In Count Nine, Plaintiff also appears to allege violations of HIPAA and 42 C.F.R. Part 2 against the Rimrock Defendants.  As discussed above, there is no private right of action for an alleged violation of HIPAA.  *Webb*, 499 F.3d at 1081; *Streich*, 560 F.3d at 935.  Likewise, there is no recognized private right of action under 42 C.F.R. Part 2.

The regulations at 42 C.F.R. Part 2, which are authorized by 42 U.S.C. § 290dd-2(g), impose restrictions on the use and disclosure of substance use disorder patient records.  42 C.R.F.§ 2.2.  Courts have routinely recognized, however, that the regulations do not provide a private right of action.  *See e.g. Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) (finding no private right of action under § 290dd-2); *Ellison v. Cocke Cnty., Tenn.*, 63 F.3d 467, 470 (6th Cir. 1995) ("Nothing in the language of Section 290dd–2 suggests that Congress intended to create a private right of action for violations of the confidentiality provision."); *Doe v. Broderick*, 225 F.3d 440, 447-49 (4th Cir. 2000); *Rogers v. England*, 246 F.R.D. 1, 3 n.5 (D. D.C. 2007) (noting that "[a]lthough 42 U.S.C. § 290dd-2 provides for criminal penalties, there is no private right of action to enforce the statute."); *Thompson v. Spalding*, 2006 WL 2918999, *3-4 (W.D. Wash. Oct. 11, 2006) (same).

Accordingly, Plaintiff's claims in Count Nine against the Rimrock Defendants should be dismissed in their entirety with prejudice.

## IV.   CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.      The State Defendants' Motion to Dismiss (Doc. 47) be **GRANTED in part** as to Counts Seven and Eight to the extent they are based on HIPAA or § 1983, and as to all claims against the State entities and the individual Defendants in their official capacities, and that those claims be dismissed with prejudice; **and DENIED** as to the remaining claims.

2.      The Rimrock Defendants' Motion to Dismiss (Doc. 49) be **GRANTED**, and Count Nine be dismissed with prejudice.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.  D. Mont. L.R. 72.3.

DATED this 9th day of January, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge