IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ELISA MAY MITTELSTAED, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF MONTANA CHILD AND FAMILY SERVICES DIVISION, et al., <br><br> Defendants. | CV 22-58-BLG-SPW <br><br><br> ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

United States Magistrate Judge Timothy Cavan filed Findings and Recommendations on January 9, 2024. (Doc. 61). Judge Cavan recommended the Court grant in part and deny in part the motion to dismiss filed by the State of Montana, the Montana Department of Public Health and Human Services ("DPHHS"), the Montana Department of Child and Family Services Division ("CFSD"), Ashlee Walker, Jason Larson, Debran Anderson ("Debran"), and Brittney Anderson ("Brittney"), (collectively, "State Defendants"). (*Id.* at 2). Judge Cavan also recommended the Court grant the motion to dismiss filed by the Rimrock Foundation and Erin Awes (collectively, "Rimrock Defendants"). (*Id.*).

State Defendants timely objected to a portion of the Findings and Recommendations. (Doc. 62). Neither Plaintiff Elisa Mittelstaed ("Plaintiff") nor

1

Rimrock Defendants responded.

After a careful review of State Defendants' objections, the Court adopts Judge Cavan's Findings and Recommendations in full.

## I.  Legal Standard

### A.  Findings and Recommendations

The parties are entitled to a de novo review of those findings to which they have "properly objected." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not properly objected to are reviewed for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

An objection is proper if it "identif[ies] the parts of the magistrate's disposition that the party finds objectionable and present[s] legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Mont. Shooting Sports Ass'n v. Holder*, No. CV 09-147-M, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.*

### B.  Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim. "Dismissal under Rule 12(b)(6) is proper only when the

2

complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Bare legal conclusions or recitations of the elements are not enough. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## II. Statement of the Facts

State Defendants do not object to Judge Cavan's statement of the facts of the case. The Court adopts the facts as set out by Judge Cavan and reiterates only those necessary to its analysis below.

In short, Plaintiff is suing various state agencies and state employees involved in child welfare services and a drug addiction treatment center on the grounds that

3

they violated certain constitutional and statutory rights when they removed her children from her care after she tested positive for methamphetamine. Debran was the CFSD social worker who initially removed Plaintiff's children from her care in 2018, and Walker was the CFSD social worker who took over Plaintiff's case from Debran in 2019. Brittney was Debran's and Walker's department supervisor, and Larson was the regional administrator for CFSD.

### III. Procedural History

Plaintiff raised eight claims for relief in her Second Amended Complaint. Count 1 is a § 1983 claim against Debran. Count 2 is a § 1983 claim against Debran, Walker, and Brittney. Counts 3 through 6 are state law claims, including negligence and intentional infliction of emotional distress, against Debran, Walker, and Brittney. Counts 7 and 8 allege gross negligence, violations of Plaintiff's right to privacy, and violations of various state and federal statutes, including the Health Insurance Portability and Accountability Act ("HIPAA"), against Walker, Brittney, Larson, and DPHHS. Count Nine alleges Rimrock Foundation and Awes breached various duties owed to Plaintiff and violated Montana's Uniform Health Care Information Act, HIPPA, and 42 C.F.R. Part 2.

State Defendants and Rimrock Defendants filed motions to dismiss under Rule of 12(b)(6). Rimrock Defendants sought dismissal of the sole claim against

them, Count 9, as time-barred and lacking a private right of action in the underlying statutes. (Doc. 50 at 2). State Defendants sought dismissal of the following:

- Counts 1, 2, 5, and 6 as time-barred;
- Counts 1 and 2 against the State of Montana, DPHHS, and CSFD ("State Entities") because such State Entities are not "persons" eligible to be sued under § 1983;
- Count 7 and 8, to the extent they are asserted under HIPAA, because HIPAA does not create a private right of action;
- Counts 7 and 8, to the extent they are asserted under § 1983, because HIPAA violations do not create a private right of action under § 1983;
- Counts 1 and 2, and to the extent they are asserted under § 1983, Counts 7 and 8, as insufficiently pled;
- Any claims against the State Entities and Debran, Brittney, Walker, and Larson in their official capacities under the 11th Amendment;
- Counts 1 and 5 as to Debran, Brittney, and Walker because they have prosecutorial immunity;
- The entire Second Amended Complaint because it fails to make a short and plain statement of the claim in violation of Federal Rule of Civil Procedure 8(a).

(Doc. 48).

Judge Cavan recommended the Court grant the Rimrock Defendants' motion. As to State Defendants' motion, Judge Cavan recommended the Court grant the motion as to Counts 7 and 8 to the extent they are based on HIPAA or § 1983 and as to all claims against the State Entities and the individual State Defendants in their official capacities. He recommended the dismissal of these counts with prejudice. As to the remaining claims, Judge Cavan recommended the Court deny the motion.

## IV. Analysis

Only State Defendants filed objections to the Findings and Recommendations. State Defendants lodged three objections:

(1) The Findings and Recommendations incorrectly found that Plaintiff's pleading "suggests that [Plaintiff] was not able to determine the factual basis of her claims, despite her efforts, due to State Defendants alleged concealment of her file," (doc. 61 at 10), and therefore his recommendation to deny State Defendants' motion to dismiss Counts 1, 2, 5, and 6 as time-barred is incorrect.

(2) The Findings and Recommendations incorrectly concluded that, "[l]iberally construing the Second Amended Complaint in Plaintiff's favor, the Court cannot find with certainty that the allegations foreclose the possibility that equitable tolling may apply," (*id.* at 10), and therefore his recommendation to deny State Defendants' motion to dismiss Counts 1, 2, 5, and 6 as time-barred is incorrect.

(3) The Findings and Recommendations incorrectly concluded that "it is thus possible, even if unlikely, 'that, with the application of equitable tolling principles, [Plaintiff] could prove a set of facts in support of [her] claim that would entitle [her] to relief,'" (*id.* at 10 (citing *Schoof v. Nesbit*, 316 P.3d 831, 841 (Mont. 2014)), and therefore his recommendation to deny State Defendants' motion to dismiss Counts 1, 2, 5, and 6 as time-barred is incorrect. (Doc. 62 at 3–4).

6

These objections boil down to a single issue: whether Judge Cavan correctly determined that the Court should refuse to dismiss Counts 1, 2, 5, and 6 as time-barred because the facts clearly demonstrate that Plaintiff was aware of the basis of her claims in 2018 and thus equitable tolling does not apply. This issue was fully briefed in front of Judge Cavan. Additionally, the key points of evidence in State Defendants objections supporting their equitable tolling argument were also in their briefing in front of Judge Cavan. The few new details do not shed light on the question of knowledge and just fill in gaps in the timeline of events. As such, the objections only serve to rehash State Defendants' original arguments and are improper. *See Mont. Shooting Sports Ass'n*, 2010 WL 4102940, at 2. The Court will review the issues they raise for clear error.

Though not in State Defendants' list of objections, State Defendants assert in the body of their argument that Judge Cavan incorrectly relied "on federal law regarding federal statutes of limitation to conclude there is a 'high bar' to" overcome to show that equitable tolling did not apply. (Doc. 62 at 5 (quoting Doc. 61 at 6)). Arguments on the applicable standard of review were not presented to Judge Cavan, so this objection is proper. The Court will review this objection de novo. Since the legal standard applicable to statutes of limitation and equitable tolling guides how the Court reviews the substance of the equitable tolling argument, the Court will address this objection first.

7

### A.  *Applicable Legal Standard*

State Defendants first object that Judge Cavan incorrectly applied "federal law regarding federal statutes of limitation to conclude there is a 'high bar' to" overcome to show that equitable tolling should not apply. (Doc. 62 at 5 (quoting Doc. 61 at 6)). State Defendants seem to specifically take issue with Judge Cavan's application of *Supermail Caro, Inc. v. United States*, which held that "[a] motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" (Doc. 61 at 6 (citing 68 F.3d 1204, 1206 (9th Cir. 1995)). Rather, according to State Defendants, state tolling doctrines govern whether a § 1983 or state statute of limitations has run, and, unlike the *Supermail Cargo* standard, Montana law only applies equitable tolling in "limited circumstances." (Doc. 62 at 5 (quoting *Lozeau v. GEICO Indem. Co.*, 207 P.3d 316, 323 (Mont. 2009))).

Reviewing this issue de novo, the Court finds Judge Cavan correctly applied the standard of review articulated in *Supermail Cargo*. State Defendants, on the other hand, incorrectly conflate the applicable standard of review for a motion to dismiss with the applicable substantive law.

The *Supermail Cargo* standard is imposed on the Court by the nature of the procedural stage of the case, namely a motion to dismiss pursuant to Rule 12(b)(6).

8

Like how a traditional Rule 12(b)(6) reviews the factual sufficiency of a state law claim in light of the Rule 8 pleading requirements, *see Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1103 (9th Cir. 2003), the Court reviews a Rule 12(b)(6) motion arguing a claim is time barred in light of the *Supermail Cargo* standard. On summary judgment, that standard will be different.

The *Supermail Cargo* standard is distinct from the substantive law applicable to statutes of limitations and equitable tolling in a § 1983 case. As State Defendants correctly point out, that substantive law must be "borrow[ed]" from the state's jurisprudence. *See TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999) (describing the application of state law for statutes of limitation and tolling in § 1983 cases as borrowing state law rather than applying it).

Applying these principles here, the Court "borrows" Montana law to determine when equitable tolling applies, namely "where a plaintiff is substantially prejudiced by a defendant's concealment of a claim, despite the exercise of diligence by the plaintiff." *Shoof v. Nesbit*, 316 P.3d 831, 841 (Mont. 2014). On the present motion to dismiss, the Court only can conclude that the threshold for the application of equitable tolling articulated in *Shoof* is met if "it appears beyond doubt that the plaintiff can prove no set of facts that could establish the timeliness of the claim." *Supermail Cargo,* 68 F.3d at 1207. Judge Cavan framed his analysis exactly in these terms and thus the Court adopts his Findings and Recommendations on the issue.

9

### B.   *Equitable Tolling*

State Defendants next argue that Judge Cavan incorrectly found that the facts in Plaintiff's complaint do not foreclose the possibility that equitable tolling may apply, and thus dismissal of Counts 1, 2, 5, and 6 should be denied. State Defendants cite a variety of statements from the Second Amended Complaint they contend demonstrate Plaintiff's knowledge of or that Plaintiff should have known of the basis for her injury. As stated, much of State Defendants' evidence on the matter was presented to Judge Cavan.

Reviewing for clear error Judge Cavan's finding that State Defendants could not show for certain that equitable tolling did not apply, the Court finds he did not commit clear error. The Second Amended Complaint does not foreclose the possibility that Plaintiff did not know that Debran's concerns with Plaintiff's alleged drug use were the basis for Debran's findings of physical neglect and the necessity for removal of the children. Debran stated in her affidavit that the home was "clean and appropriate" and did not note any signs of physical neglect present during the home visit. (Doc. 2-1 at 3). Plaintiff argues, in effect, that such conclusions undermine Debran's eventual determination that physical neglect was occurring. (Doc. 44 ¶ 25 ("There was nothing indicating that the circumstances [were] dire or that [Plaintiff and her fiancé] were incapable or unwilling to act on their own behalf had a situation presented itself.")). It seems it was not apparent to Plaintiff that a

10

positive drug test (the results of which Plaintiff disputes) would per se constitute physical neglect. Given that physical neglect generally implies a failure to provide certain basic needs for a child, *see Mont. Code Ann.* 41-3-102(22), and that Debran did not note such a failure to provide, the Court cannot conclude beyond doubt, as it must on a motion to dismiss, that Plaintiff understood that the positive drug test formed the basis for the removal of her children. Further, because, according to the Second Amended Complaint, Debran and others at CFSD refused to explain to Plaintiff the basis for the removal of her children, it is plausible that Plaintiff only could have known that the positive drug test resulted in the removal of her children, aka her injury, once she received Debran's affidavit explaining as much.

With respect to the allegations of concealment, the Court also cannot conclude that the facts negate the possibility that State Defendants concealed from Plaintiff the reasons her children were taken away. As Judge Cavan notes, the Second Amended Complaint contains numerous allegations of concealment. (Doc. 61 at 10 (citing Doc. 44 ¶¶ 51, 91, 196)). Such allegations are not as unsupported as State Defendants allege them to be. For instance, the Second Amended Complaint details how Plaintiff asked Debran and other CFSD employees to explain the basis for the removal, but they allegedly refused to respond. (*E.g.* Doc. 44 ¶ 32 ("when asked, Debran would not give a reason for [the removal] being necessary)).

11

Accordingly, the Court holds that Judge Cavan did not commit clear error in determining that the Court cannot find beyond doubt that the allegations foreclose the possibility that equitable tolling may apply. The Court adopts his findings on this issue and his recommendation that the Court deny State Defendants' motion to dismiss Counts 1, 2, 5, and 6 as time-barred.

## V.  Conclusion

IT IS SO ORDERED that Judge Cavan's Findings and Recommendations are ADOPTED IN FULL.

IT IS FURTHER ORDERED that State Defendants' Motion to Dismiss (Doc. 47) is GRANTED IN PART as to Counts 7 and 8 to the extent they are based on HIPAA or § 1983 and as to all claims against the State Entities and the individual State Defendants in their official capacities. The dismissal of these counts is with prejudice. State Defendants' Motion to Dismiss is DENIED IN PART as to the remaining claims.

The Rimrock Defendants' Motion to Dismiss (Doc. 49) is GRANTED, and Count 9 is dismissed with prejudice. The Clerk of Court is directed to enter judgment only with respect to Count 9 and the Rimrock Defendants.

DATED this 14th day of February, 2024.

SUSAN P. WATTERS
United States District Judge